J-S47032-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PETER KHAMISI | : | |
| | : | |
| Appellant | : | No. 1270 EDA 2025 |

Appeal from the Judgment of Sentence Entered April 16, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002179-2023

BEFORE:  PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED APRIL 7, 2026**

Peter Khamisi ("Khamisi") appeals from the judgment of sentence imposed by the Philadelphia County Court of Common Pleas ("trial court") following his convictions of third-degree murder and possessing instruments of a crime ("PIC").[1]  On appeal, Khamisi challenges the sufficiency and weight of the evidence supporting his third-degree murder conviction and the discretionary aspects of his sentence related to his third-degree murder conviction.  After review, we affirm.

On December 28, 2022, police responded to a call at Custer Street and Alleghany Avenue in Philadelphia, finding David Smith ("Decedent") on the ground suffering from a stab wound to the left side of his chest.  He was

_____

[1] 18 Pa.C.S. §§ 2502(c), 907(a).

pronounced dead soon after police arrived. As part of their investigation, the police obtained three storefront videos and six to seven real-time videos from the neighborhood. Police identified Khamisi as the individual who stabbed Decedent during a drug purchase gone wrong. After stabbing Decedent, Khamisi was seen immediately leaving the scene in a black Honda registered in his name.

Police arrested Khamisi on January 14, 2023. The case proceeded to a bench trial on January 29, 2025. Subsequently, the trial court convicted Khamisi of third-degree murder and PIC. On April 16, 2025, the trial court sentenced Khamisi to an aggregate sentence of fifteen to forty years of incarceration. Following the denial of Khamisi's motion for reconsideration, he timely filed the instant appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, Khamisi presents the following issues for review:

1. Whether there was sufficient evidence to convict [] Khamisi of third-degree murder.

2. Whether the court's verdict was against the weight of the evidence adduced at trial.

3. Where [] Khamisi acted in self-defense, whether the court should have taken that into consideration and acquitted [] Khamisi.

4. Whether the court's sentence was excessive.

5. Consideration of [] Khamisi's claims of ineffective assistance of counsel should be deferred until collateral review.

Khamisi's Brief at 7.

## Sufficiency of the Evidence

We address Khamisi's first and third claims together. Khamisi argues the evidence was insufficient to support his third-degree murder conviction. *Id.* at 20-23. He contends the Commonwealth failed to establish, beyond a reasonable doubt, that he acted with malice. *Id.* at 21. Khamisi states he never deliberately armed himself before venturing into the neighborhood where Decedent was killed. *Id.* Additionally, Khamisi asserts that he was "apprehensive and as cautious as possible" before entering the neighborhood because of previous injuries he had sustained while in the area. *Id.* Finally, he claims that he never intended to harm Decedent, but instead only to distance himself from Decedent when he struck him with the knife. *Id.* at 22.

Relatedly, Khamisi argues that the Commonwealth failed to disprove, beyond a reasonable doubt, that he acted in self-defense. *Id.* at 24-27. He contends that Decedent had threatened to kill him and attempted to prevent him from leaving the scene. *Id.* at 25-26; *see also id.* at 26 (noting that he was threatened as he attempted to leave the drug sale). According to Khamisi, the ability to retreat was not available to him as it would have put his life in more danger. *Id.* at 26-27.

We review a challenge to the sufficiency of the evidence according to the following standard:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is de novo and our scope of review is plenary. In reviewing the sufficiency of the evidence,

we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the [factfinder] to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the [factfinder].

*Commonwealth v. Rosario*, 307 A.3d 759, 764-65 (Pa. Super. 2023) (citation omitted)

To sustain a conviction of third-degree murder, the Commonwealth must establish "(1) an intentional act, (2) done with malice, that (3) results in an unintentional killing." *Commonwealth v. Arrington*, 247 A.3d 456, 461 (Pa. Super. 2021) (citation omitted); *see also* 18 Pa.C.S. § 2502(c). Malice is present when a defendant did not have an intent to kill but nevertheless displayed a conscious disregard for "an unjustified and extremely high risk that his actions might cause death or serious bodily harm." *Commonwealth v. Packer*, 168 A.3d 161, 168 (Pa. 2017) (citation omitted). Malice comprehends "ill-will, … wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular may not be intended to be injured." *Id.* (citation omitted). Further, a factfinder may infer malice from the totality of the circumstances. *Commonwealth v. Golphin*, 161 A.3d 1009, 1018 (Pa. Super. 2017).

Self-defense is a complete defense to a homicide charge if:

(1) the defendant reasonably believed that he was in imminent danger of death or serious bodily injury and that it was necessary to use deadly force to prevent such harm;  (2) the defendant did not provoke the threat that resulted in the slaying;  and (3) the defendant did not violate a duty to retreat.

*Commonwealth v. Jones*, 271 A.3d 452, 458 (Pa. Super. 2021) (citations omitted).  "Where the defendant has introduced evidence of self-defense, the burden is on the Commonwealth to disprove the self-defense claim beyond a reasonable doubt by proving that at least one of those three elements is absent." *Id.* (citation omitted).

At trial, Detective Randall Farward testified that he obtained surveillance video from three store locations and multiple real-time cameras.  N.T., 1/29/2025, at 14-15.  According to Detective Farward, the compilation of videos prepared for trial depicted Khamisi's 2020 black Honda traveling in the area.  *Id.* at 18.  It shows Khamisi and Decedent walking together, and ultimately Khamisi using a weapon to inflict the fatal injury upon Decedent, with a blood trail beginning to flow from Decedent following the stabbing.  *Id.* at 22, 32, 33, 37-38, 45-46.  No audio was captured by the cameras, and Detective Farward thus admitted he could not confirm what was said between the two during their interaction.  *Id.* at 36.[2]

_____

[2]  We have reviewed the videos prepared for trial; Detective Farward's testimony accurately summarizes the events that appear in the recorded footage.

The parties stipulated that Dr. Victoria Sorokin, an expert in forensic pathology, would testify that Decedent's cause of death was a stab wound to the chest and the manner of death was homicide. *Id.* at 6. They further stipulated that Corporal Scott Ely and Officer Sean Ryan would both testify that they were shown surveillance photos and videos from the night in question and identified Khamisi. *Id.* at 10, 11.

Khamisi testified that he traveled to the Kensington neighborhood of Philadelphia, Pennsylvania on December 28, 2022, in his black Honda with the intent to purchase and use drugs. *Id.* at 58, 61-63. He indicated that he typically armed himself with a knife during drug transactions because of prior instances that resulted in injuries and hospitalization. *Id.* at 58-59, 70-73.

After arriving in the area, Khamisi stopped into a convenience store to purchase a cigarette. *Id.* at 64. Upon leaving the store, Khamisi saw a disabled vehicle and asked if the vehicle's operator needed assistance. *Id.* at 65. Determining the operator did not need assistance, Khamisi made his way to his own vehicle, where he saw Decedent leaning on the back of it. *Id.* at 66. Decedent approached Khamisi and asked "what he needed," and stated that he "got what [Khamisi] need[s]." *Id.* at 67. Khamisi believed Decedent was offering to sell him drugs and "wanted to see what he had to offer." *Id.* at 68, 73. Khamisi began following Decedent down the street. *Id.* at 69.

After walking for some time, Khamisi knew Decedent could not provide him with drugs. *Id.* at 75-76. Khamisi stated that he then began walking in

the direction of his vehicle, at which point Decedent approached him from behind and said, "Don't turn your back on me again. You don't know where you are. I'll fucking kill you." *Id.* at 76, 78, 79. Khamisi testified that he continued to walk in the direction of his vehicle, at which point Decedent "started pressing on [him], grabbing [his] jacket" and at one point "grabbed [his] arm." *Id.* at 78, 79.

According to Khasimi, Decedent continued threatening him and told him to empty his pockets. *Id.* at 79. When they arrived at Khamisi's car, Decedent stated, "You're not about to drive off." *Id.* at 80. Decedent's final words to him were: "You're dead," or "You're done." *Id.* Upon hearing this final threat, Khamisi immediately grabbed his knife and stabbed Decedent in the clavicle. *Id.* He then left the scene. *Id.* at 92. Khamisi acknowledged in his testimony that throughout the interaction, he could have attempted to run down the street or to his car. *Id.* at 104-05. He further admitted that the video footage did not show Decedent touching Khamisi at any point. *Id.* at 101.

The trial court held that the evidence presented at trial was sufficient to establish third-degree murder beyond a reasonable doubt. Trial Court Opinion, 7/6/2025, at 4-6. The trial court cited the real-time video footage that depicted Khamisi and Decedent's interaction and showed Khamisi open the knife he was carrying and stab Decedent. *Id.* at 5-6. The trial court highlighted Khamisi's own testimony that he never saw Decedent with a

weapon, that Decedent did not grab him, and that he could have retreated. *Id.* The trial court concluded, "it is crystal clear that on December 28th, [] Khamisi thrust his three-inch knife into an unarmed [] [Decedent], without provocation or justification." *Id.* at 6. On this same evidence, the trial court also found that the Commonwealth disproved Khamsi's self-defense claim. *Id.* at 8. The trial court again cited Khamisi's admissions that he never saw Decedent with a weapon, Decedent did not grab him, and that he could have retreated without the use of force. *Id.*

Viewing the evidence in the light most favorable to the Commonwealth, it established that Khamisi acted with the requisite malice to sustain the third-degree murder conviction. Under the totality of the circumstances, Khamisi displayed a conscious disregard for human life when he struck Decedent with the knife in the chest. *See Commonwealth v. Hitcho*, 123 A.3d 731, 746 (Pa. 2015) (stating that malice may be inferred when a defendant uses a deadly weapon on a vital part of the victim's body). Therefore, Khamisi's sufficiency claim fails. *See Commonwealth v. Ventura*, 975 A.2d 1128, 1144 (Pa. Super. 2009) (concluding there was sufficient evidence to prove that defendant committed third-degree murder where defendant stabbed the victim in the heart with a knife, evidencing malice).

Further, the record reflects that the Commonwealth disproved Khamisi's self-defense claim beyond a reasonable doubt. Both Khamisi and Detective Farward testified that the video of the incident established Decedent had no

- 8 -

weapon and did not touch Khamisi at any point leading to the stabbing. Although Khamisi stated that Decedent threatened to kill him, he admits that he had the ability to escape to his car throughout the interaction. As such, the factfinder could infer that Khamisi did not believe he was in imminent danger, disproving Khamisi's self-defense claim. *See Commonwealth v. Jones*, 271 A.3d 452, 460-61 (Pa. Super. 2021) (recognizing that the appellant's ability to safely retreat after the victim threatened him negated his self-defense claim). Therefore, Khamisi's first and third claims are without merit.

### Weight of the Evidence

Khamisi argues that the weight of the evidence presented at trial did not support his conviction of third-degree murder. Khamisi's Brief at 23-24. Specifically, Khamisi argues the weight of the evidence did not support a finding of malice for third-degree murder because he was fearful of his life when he struck Decedent and was unaware he had the knife in his possession. *Id.* Additionally, Khamisi argues that the trial court's failure to find self-defense was against the weight of the evidence. *Id.* at 24.[3]

_____

[3] We note with disapproval that Khamisi incorporates by reference his sufficiency argument into his weight claim. *See* Khamisi's Brief at 23-24. Our Supreme Court has "held that such 'incorporation by reference' is an unacceptable manner of appellate advocacy for the proper presentation of a claim for relief." *Commonwealth v. Briggs*, 12 A.3d 291, 342 (Pa. 2011) (citation omitted). Moreover, the law is clear that claims challenging the sufficiency of the evidence are markedly distinct from weight claims. *(Footnote Continued Next Page)*

The following legal principles apply to a trial court's consideration of a challenge to the weight of the evidence supporting a conviction:

> An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence, does not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> Thus, to allow an appellant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the trial court.

*Commonwealth v. Juray*, 275 A.3d 1037, 1046-47 (Pa. Super. 2022) (quotation marks and citations omitted).

Our standard of review for weight of the evidence claims, however, differs from that of the trial court:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the

_____

*Commonwealth v. Rivera*, 238 A.3d 482, 495 (Pa. Super. 2020). In fact, a claim challenging the weight of the evidence to support a conviction concedes that there was sufficient evidence of the defendant's guilt. *Commonwealth v. Bennett*, 827 A.2d 469, 481 (Pa. Super. 2003). Nevertheless, for purposes of completeness, we will address Khamisi's weight challenge.

- 10 -

evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Id.* at 1047 (citation omitted).

Here, the trial court found that Khamisi's third-degree murder conviction was not against the weight of the evidence. Trial Court Opinion, 6/19/2025, at 8-11. After reviewing the entire record, the court reasoned that the evidence "was compelling and substantial, and strongly supported the verdict." *Id.* at 11. Similarly, the trial court found Khamisi's self-defense claim meritless. *Id.* at 6-8. The court found that Khamisi's admissions that he did not see Decedent with a weapon and could have retreated to his car, along with the video footage showing that Decedent did not touch Khamisi during their interaction, supported its determination that Khamisi did not act in self-defense. *Id.* at 8.

We find that the trial court did not abuse its discretion. Khamisi's argument seeks for this Court to reassess the credibility of the witnesses and reweigh the evidence in favor of Khamisi to reach a different conclusion. *See Commonwealth v. Collins*, 70 A.3d 1245, 1251 (Pa. Super. 2013) (stating that "[a]n appellate court cannot substitute its judgement for that of the finder of fact"). The trial court, however, was the factfinder in this case, and we will not step in as an arbiter of credibility when that job is solely reserved for the lower court. *See Commonwealth v. Clemons*, 200 A.3d 441, 464 (Pa. 2019). The video footage, coupled with testimony from Khamisi himself,

- 11 -

established that he used a knife to inflict Decedent's fatal injury. N.T., 1/29/2025, at 32, 33, 37-38, 45-46. Khamisi admitted that he was carrying a knife throughout the night in question, did not see Decedent carrying a weapon, was not being touched by Decedent, and could have escaped to his car throughout the duration of the events. *See id.* at 97, 101-102, 105-106. In light of the contemporaneous video depicting the events on the night in question, we find that Khamisi's third-degree murder conviction and the trial court's finding against self-defense are supported by the record. *See Commonwealth v. Knox*, 219 A.3d 186, 198 (Pa. Super. 2019) (finding trial court did not abuse its discretion in rejecting appellant's weight challenge of this third-degree murder conviction, as forensic evidence refuted appellant's self-defense claim and supported the murder conviction). Therefore, we discern no abuse of discretion by the trial court in determining that Khamisi's weight claim fails.

### Discretionary Aspects of Sentencing

Next, Khamisi argues that the trial court abused its discretion in imposing an excessive sentence without considering his mitigating factors and rehabilitative needs. Khamisi's Brief at 27-28. He challenges the discretionary aspects of his sentence. *See Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012) (a claim that a sentence is excessive and manifestly unreasonable because the trial court failed to consider all relevant sentencing factors is a challenge to the discretionary aspects of sentencing).

There is "no absolute right to appeal when challenging the discretionary aspect of a sentence." ***Commonwealth v. Crump***, 955 A.2d 1280, 1282 (Pa. Super. 2010). To invoke this Court's jurisdiction, Khamisi must satisfy the following four-part test:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of [] appeal pursuant to Pa.R.A.P. 2119(f); (4) the appellant raise a substantial question for our review.

***Commonwealth v. Rivera***, 312 A.3d 366, 376-77 (Pa. Super. 2024) (citation and brackets omitted).

A substantial question is determined on a case-by-case basis and exists "only when the appellant advances a colorable argument that the sentencing judge's actions were wither: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms with underly the sentencing process." ***Commonwealth v. McCain***, 176 A.3d 236, 240 (Pa. Super. 2017).

The record reflects that Khamisi preserved his claim in a post-sentence motion and filed a timely appeal. Although Khamisi failed to file a Rule 2119(f) statement, the Commonwealth did not object to this failure. ***See Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa. Super. 2004) (noting that "when the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not

appropriate.") Khamisi's claim that the trial court imposed an excessive sentence without properly considering mitigating factors and his rehabilitative needs raises a substantial question. *See Commonwealth v. Swope*, 123 A.3d 333, 339 (Pa. Super 2015) (finding that a failure to consider rehabilitative needs or mitigating factors raises a substantial question when a party claims a sentence is excessive).

Turning to address the merits of Khamisi's argument, our standard of review is well established:

> Imposition of sentence is vested in the discretion of the sentencing court and will not be disturbed by an appellate court absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgement exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. To constitute an abuse of discretion, a sentence must either exceed the statutory limits or be…manifestly excessive.

*Commonwealth v. Hunzer*, 868 A.2d 498, 514 (Pa. Super. 2005) (citations omitted). In addition to the abuse of discretion standard, our review is confined by section 9781(c) and (d) of the Sentencing Code:

> **(c) Determination on appeal.--**The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

**(d) Review of record.--**In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(c), (d).

If the trial court was informed by a presentence investigation report, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed."[4] *Commonwealth v. Miller*, 275 A.3d 530, 535 (Pa. Super. 2022); *see also Commonwealth v. Rhoades*, 8 A.3d 912, 919 (Pa. Super. 2010) (noting that where "the sentencing court had the benefit of a pre[]sentence investigation report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and

_____

[4] These factors include "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "The balancing of these [s]ection 9721(b) sentencing factors is within the sole province of the sentencing court." *Baker*, 311 A.3d at 19 (citation omitted).

weighed those considerations along with mitigating statutory factors") (citation and quotation marks omitted).

Khamisi asserts that the trial court abused its discretion in imposing a sentence of fifteen to forty years. Khamisi's Brief at 28. He argues that the trial court failed to properly consider various mitigating factors, including his character and justification for his commission of the crime as mitigation evidence. *Id.*[5]

Our review of the record reflects that the trial court considered the documents submitted to it for review. N.T., 4/16/2025, at 39. The court noted that the guideline sentencing range for third-degree murder was 129 months to the statutory limit. *Id.* at 4-5. Additionally, the court heard the testimony of witnesses on behalf of Khamisi, allowed Khamisi to address the court, and heard arguments from defense counsel that highlighted mitigating evidence and his rehabilitative needs. *Id.* at 5-39. The trial court thereafter imposed a sentence of fifteen to forty years in prison for third-degree murder and a concurrent prison term of one to two years for PIC. *Id.* at 39.

In short, Khamisi's claims find no support in the record and provide no basis for us to conclude that the trial court abused its discretion in fashioning

_____

[5] Khamisi cites to his motion for reconsideration filed before the trial court and notes he discussed this issue in greater detail in the motion. To the extent Khamisi attempts to incorporate the arguments in the motion by reference to support his claim on appeal, we again observe that this is an unacceptable method for presenting appellate argument before this Court. *Briggs*, 12 A.3d at 342-43.

his sentence. The sentence issued is within the standard range and the trial court both implicitly (through the presentence report) and explicitly (on the record) considered both the mitigating evidence and requisite sentencing factors. *See Commonwealth v. Hill*, 210 A.3d 1104, 1117 (Pa. Super. 2019) (finding where a sentence is within the standard range of the guidelines, in combination with a presentencing investigation report, Pennsylvania law considers the sentence appropriate). Based upon our review of the record, the arguments raised by Khamisi, and the relevant law, we find no basis to overturn the trial court's sentencing decision. *See* 42 Pa.C.S. § 9781(c), (d). Therefore, we conclude Khamisi is not entitled to relief.

### Ineffective Assistance of Counsel

Khamisi lastly raises a claim that his trial counsel provided ineffective assistance, but concedes it is not properly before this Court and should be deferred until collateral review. *See* Khamisi's Brief at 28-31. We agree. *See Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013) (holding that, subject to limited exceptions, "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal") (footnote omitted).

### Conclusion

Finding no merit to any of the claims raised before this Court, we affirm Khamisi's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/7/2026